NUMBER 13-10-00684-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

CARLOS DOMINGUEZ
RIVERA,                                                    Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 24th
District Court 

of Calhoun County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

            Appellant Carlos Dominguez Rivera appeals
from his conviction, by a jury, for assault against a public servant, for which
he was sentenced to twelve years' incarceration.  See Tex. Penal Code Ann. § 22.01(b)(1)
(West Supp. 2010).  Concluding that Rivera's appeal in this case "is
without merit and frivolous," counsel filed an Anders brief in
which he reviewed the merits, or lack thereof, of the appeal.  We affirm.

I.  Compliance with Anders v. California

            Pursuant to Anders v. California, 386
U.S. 738, 744 (1967), Rivera's court-appointed appellate counsel has filed a
brief with this Court, stating that he has "diligently searched the
[record] . . . and [has] researched the law applicable to the facts and issues
presented" and in his professional opinion, "no reversible error is
reflected by the record."  After discussing pre-trial issues, voir dire,
the evidence presented at trial, the jury charge, and one arguable ground of
error related to defense counsel's misstatement of Rivera's eligibility for
community supervision, counsel concludes that "no reasonably arguable
factual or evidentiary issue exists in the record which would amount to
reversible error."  See In re Schulman, 252 S.W.3d 403, 407
n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an Anders
brief need not specifically advance 'arguable' points of error if counsel finds
none, but it must provide record references to the facts and procedural history
and set out pertinent legal authorities.") (citing Hawkins v. State,
112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); Stafford
v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Rivera's counsel has, thus,
carefully discussed why, under controlling authority, there are no errors in
the trial court's judgment.  Counsel has informed this Court that he has:  (1)
examined the record and found no arguable grounds to advance on appeal, (2)
served a copy of the record and counsel's brief and motion to withdraw on
Rivera, and (3) informed Rivera of his right to review the record and to file a
pro se response within thirty days.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed, and Rivera has not filed a pro se response.  See In re
Schulman, 252 S.W.3d at 409.

II.  Independent Review

            Upon receiving an Anders brief, this
Court must conduct a full examination of all the proceedings to determine
whether the case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have reviewed the entire record and counsel's brief, and we have
found nothing that would arguably support an appeal.  See Bledsoe v. State,
178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in
the briefs and reviewed the record for reversible error but found none, the
court of appeals met the requirement of Texas Rule of Appellate Procedure
47.1."); Stafford, 813 S.W.2d at 509.  Accordingly, we affirm the
judgment of the trial court.

III.  Motion to Withdraw

In accordance with Anders,
Rivera's attorney has asked this Court for permission to withdraw as counsel
for Rivera.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes
the appeal is frivolous, he must withdraw from representing the appellant.  To
withdraw from representation, the appointed attorney must file a motion to
withdraw accompanied by a brief showing the appellate court that the appeal is
frivolous.") (citations omitted)).  We grant counsel's motion to withdraw
that was carried with the case on June 7, 2011.  Within five days of the date
of this Court’s opinion, counsel is ordered to send a copy of the opinion and
judgment to Rivera and to advise Rivera of his right to file a petition for
discretionary review.[2] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

                                                

                                                                                                            NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 

18th day of August,
2011.

                                                                                                                                                            









[1]
The Texas Court of Criminal Appeals has held that "the pro se response
need not comply with the rules of appellate procedure in order to be
considered.  Rather, the response should identify for the court those issues
which the indigent appellant believes the court should consider in deciding whether
the case presents any meritorious issues."  In re Schulman, 252
S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting Wilson
v. State, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).





[2]
No substitute counsel will be appointed.  Should Rivera wish to seek further
review of this case by the Texas Court of Criminal Appeals, he must either
retain an attorney to file a petition for discretionary review or file a pro se
petition for discretionary review.  Any petition for discretionary review must
be filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3; 68.7.  Any
petition for discretionary review should comply with the requirements of Rule
68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.